UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER JAY SANCHEZ,

    Plaintiff,

v.

HAROLD CLARKE, *et al*,

    Defendants.

Case No.  C05-5486FDB

ORDER TO SHOW CAUSE

    This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983.  To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*.

    On July 14, 2005, the clerk received plaintiff's complaint and application to proceed *in forma pauperis*. (Dkt. #1).  Pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal,

ORDER
Page - 1

>obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff thus is required to submit a statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his complaint. Plaintiff, however, did not do so. On May 22, 2005, the clerk sent plaintiff a letter informing him that he needed to provide a copy of his prison trust account statement by no later than August 22, 2005.

With his application to proceed *in forma pauperis*, plaintiff did submit a letter stating that he had "submitted numerous Kites" to his institution's accounting office requesting his account statement, but had not received any response. Plaintiff, however, has not provided any evidence he has filed any grievances and received negative responses thereto, or that he has otherwise fully pursued available administrative remedies regarding his requests for his account statement.

In addition, Local Rule CR 3(b) provides in relevant part:

>At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:
>(1) Complete the in forma pauperis affidavit approved for use in this district; and
>(2) File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.

Plaintiff, however, has not submitted the written consent required by Local Rule CR 3(b)(2).

Accordingly, this court orders the following:

(1) Plaintiff shall seek to cure these deficiencies by filing **no later than September 2, 2005**, the following items: (i) a full and complete copy of his prison trust account statement for the six-month period immediately preceding the filing date of his complaint <u>or</u> documented evidence that he has fully pursued available administrative remedies in attempting to obtain a copy of such account statement from prison authorities; and (ii) the written consent required by Local Rule CR 3(b).

**Failure to cure these deficiencies by the above date shall be deemed a failure to properly prosecute this matter and the court will recommend dismissal of this matter.**

(2) The clerk is directed to send a copy of this Order to plaintiff along with the appropriate written consent form.

ORDER
Page - 2

1     DATED this 2nd day of August, 2005.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge