UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER JAY SANCHEZ,<br><br>    Plaintiff,<br><br>v.<br><br>HAROLD CLARKE, *et al*,<br><br>    Defendants. | Case No. C05-5486FDB<br><br>REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>Noted for April 7, 2006 |

    This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on plaintiff's motion for preliminary injunction against calculated harassment unrelated to prison needs. (Dkt. #53). Having reviewed defendants' motion, plaintiff's response thereto (plaintiff has filed no reply) and the remaining record, the undersigned submits the following report and recommendation for the Honorable Franklin D. Burgess' review.

DISCUSSION

    The basic function of preliminary injunctive relief is to preserve the *status quo ante litem* pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill either of two standards, the "traditional" or the "alternative":

> Under the traditional standard, a court may issue injunctive relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987) (citations omitted). To obtain injunctive relief, the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Plaintiff has made no showing that either the traditional or alternative standards have been met here. In addition, "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). In other words, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Id.

Here, plaintiff alleges that shortly after he filed his complaint in this matter, certain "unit officers" started searching his cell and legal work, and that those officers were ordered to do so by someone "up high." Plaintiff alleges that the "higher ups" in this lawsuit are defendants Kathryn Bail, Harold Clarke and Deana Mason. However, plaintiff has failed to present any evidence that any of these defendants actually ordered the unnamed unit officers to search his cell or legal property. Plaintiff also refers to a "Mr. Swain," who apparently is a correctional unit supervisor, but does not state how he was involved in the harm alleged. In any event, Mr. Swain, as with the unnamed unit officers, does not appear to be a named defendant. As such, the court has no power to grant the injunctive relief requested.

## CONCLUSION

For all of the aforementioned reasons, the court should deny plaintiff's motion for preliminary injunction against calculated harassment unrelated to prison needs. (Dkt. #53).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit

1  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **April 7,**
2  **2006**, as noted in the caption.

3      The clerk is directed to send a copy of this Order to plaintiff and to counsel for defendants.

4      DATED this 13th day of March, 2006.

                                            Karen L. Strombom
                                            United States Magistrate Judge