1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER JAY SANCHEZ,

                    Plaintiff,

        v.

HAROLD CLARKE, *et al*,

                    Defendants.

Case No.  C05-5486FDB

ORDER

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on defendants' filing of a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(c). (Dkt. #55).   After reviewing the motion and the balance of the record, the Court finds and orders as follows:

On February 7, 2006, defendants filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  That motion was noted for consideration on March 3, 2006.  Pursuant to Local Rule CR 7(d)(3), plaintiff's response to defendants' motion was due no later than the Monday before the noting date, which in this case would have been February 27, 2006.  Local Rule CR 7(b)(2) further states that

ORDER
Page - 1

1  "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an

2  admission that the motion has merit."

3      Plaintiff filed a response to defendants' motion on March 13, 2006, 15 days late. (Dkt. #59).  That

4  response is 30 pages long, with 100 attached exhibits totaling an additional 90 pages.  Plaintiff did not

5  provide any explanation in his response as to why it was being filed late.  On March 17, 2006, defendants

6  filed a reply to plaintiff's response, arguing that the Court should not consider plaintiff's response because

7  it was filed 15 days after its due date and 10 days after the motion was noted for consideration. (Dkt. #60).

8  In the alternative, defendants argue that should the Court decide to consider plaintiff's response, it should

9  grant defendants the opportunity to file a reply thereto.

10      On March 24, 2006, plaintiff filed a response to defendants' reply, asserting he was prevented from

11  timely responding to defendants' motion, because he received that motion late, was transferred to a

12  different institution, has been delayed in receiving his legal property. (Dkt. #61).  Plaintiff also states that

13  he sent the Court a letter, in which he requested an extension of time to respond.  While a review of the

14  record does indicate plaintiff file a letter with the Court, indicating he likely would miss the deadline for

15  responding to defendants' motion, he did not specifically request an extension.[1] (Dkt. #56).  Plaintiff asks

16  that the Court consider his response and attached exhibits and grant defendants a seven day deadline in

17  which to file a reply.

18      Although plaintiff technically filed his response late, he has provided valid reasons as to why he did

19  not file it in a timely manner.  Accordingly, the Court will consider his response and attached exhibits (Dkt.

20  #59) before ruling on defendants' motion.  The Court also will grant defendants the opportunity to reply to

21  plaintiff's response.  As noted above, plaintiff has requested that defendants only be granted seven days

22  within which to file such a reply.  However, given the length of plaintiff's response, which exceeded by far

23  the 12 page limit placed on such responses by Local Rule CR 7(e), the Court will grant defendants until

24  **April 25, 2006**, to file a reply.  Also given the length of plaintiff's response, defendants reply may exceed,

25  within reason, the six page limit set by Local Rule CR 7(e).  **Plaintiff shall not file any further response**

26  **to defendants' reply.**

27

28      [1]Plaintiff also requested in that letter that the Court "protect" him from "calculated harassment searches, and to order defendants to stop transferring" him "every time" he has "a deadline in court."  Plaintiff, however, has not filed a proper motion requesting such injunctive relief, nor has he demonstrated that any of the individually named defendants have in fact engaged in such alleged actions.  Accordingly, the Court declines to grant plaintiff's request.

1     The Clerk shall re-note defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ.

2  P. 12(c) (Dkt. #55) for consideration on **April 28, 2006**.  The Clerk is further directed to send a copy of

3  this Order to plaintiff and counsel for defendants.

4     DATED this 11th day of April, 2006.

 

 

 

 

Karen L. Strombom
United States Magistrate Judge